UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

TERRI BRAUN, :
:
    Plaintiff, : CASE NO.: 4:19-cv-101
:
v. :
:
CADENCE HEALTHCARE SOLUTIONS, LLC, :
WOODLANDS HEALTHCARE AND :
REHAB, LLC, STACEY BROWN, :
ERSULA HENDERSON, ELAINE LAMBERT, :
and JANELLE PERKINS, :
:
    Defendants. :

## COMPLAINT

Plaintiff Terri Braun ("Braun") brings this Complaint against Defendant Cadence Healthcare Solutions, LLC ("Cadence"), Defendant Woodlands Healthcare and Rehab, LLC ("Woodlands"), Defendant Stacey Brown ("Brown"), Defendant Ersula Henderson ("Henderson"), Defendant Elaine Lambert ("Lambert"), and Defendant Janelle Perkins ("Perkins"; collectively, "Defendants") showing the Court the following:

## INTRODUCTION

Braun, a 61-year-old white female, suffered a work injury on February 14, 2018, reported the same to her supervisors, and notified them of the physical limitations the same caused. On February 26th, Defendants terminated her approximately 20 minutes after she made an in-person request for FMLA paperwork for leave related to that injury. Her termination was in retaliation for and to interfere with her exercise of FMLA rights and as a result of her disability and age.

## PARTIES

1.

Braun is a citizen of the United States and lives in Midway, Liberty County, Georgia.

2.

Braun is and, at all times relevant to this suit, was a resident of Midway, Liberty County, Georgia, and submits herself to the jurisdiction of this Court.

3.

Cadence Healthcare Solutions, LLC, is a Tennessee Limited Liability Company with its principal place of business in Hixson, Tennessee.

4.

Cadence may be served with process pursuant to Rule 4 of the Federal Rules of Civil Procedure by service on its registered agent, Cindy Moore, at 4704 Hixson Pike, Ste. 102, Hixson, Tennessee 37343.

5.

Cadence is subject to the jurisdiction of this Court.

6.

Woodlands Healthcare and Rehab, LLC, is a Georgia Limited Liability Company with its principal place of business in Midway, Liberty County, Georgia.

7.

Woodlands may be served with process pursuant to Rule 4 of the Federal Rules of Civil Procedure by service on its registered agent, Jeanette Ross, at 625 Coastal Highway 17 N, Midway, Georgia 31320.

*Terri Braun v. Cadence Healthcare Solutions, LLC et al.*
United States District Court for the Southern District of Georgia, Savannah Division
Complaint
Page 2 of 13

8.

Woodlands is subject to the jurisdiction of this Court.

9.

Brown is an individual who may be served with process at 625 Coastal Highway 17 N, Midway, Georgia 31320, and is subject to the jurisdiction of this Court.

10.

Henderson is an individual who may be served with process at 625 Coastal Highway 17 N, Midway, Georgia 31320, and is subject to the jurisdiction of this Court.

11.

Lambert is an individual who may be served with process at 625 Coastal Highway 17 N, Midway, Georgia 31320, and is subject to the jurisdiction of this Court.

12.

Perkins is an individual who may be served with process at 625 Coastal Highway 17 N, Midway, Georgia 31320, and is subject to the jurisdiction of this Court.

13.

Service and process are valid and appropriate in all respects.

## **JURISDICTION AND VENUE**

14.

Braun asserts interference and retaliation claims against Defendants pursuant to the Family Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq. ("FMLA"). Further, she asserts disability discrimination claims against Defendants pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. ("ADA"). Moreover, she asserts age discrimination claims against

*Terri Braun v. Cadence Healthcare Solutions, LLC et al.*
United States District Court for the Southern District of Georgia, Savannah Division
Complaint
Page 3 of 13

Defendants pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. ("ADEA").

15.

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).

16.

Pursuant to 28 U.S.C. § 1391(b) and S.D. Ga. L.R. 2.1(b) & (d), the Savannah Division of this Court is the proper venue for Braun's claims because a substantial part of the events or omissions giving rise to the claims in this action occurred in the Southern District of Georgia, Savannah Division.

17.

Defendants are covered employers under the ADA, ADEA, and FMLA; all three statutory schemes apply to them.

**ADMINISTRATIVE PROCEEDINGS**

18.

Braun timely filed Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging age and disability discrimination on August 7, 2018.

19.

On February 7, 2019, the EEOC issued Braun notices of right to sue as to both Defendants.

20.

All administrative prerequisites for filing suit on Braun's claims have been satisfied.

21.

This suit is timely, appropriate, and valid in all respects.

*Terri Braun v. Cadence Healthcare Solutions, LLC et al.*
United States District Court for the Southern District of Georgia, Savannah Division
Complaint
Page 4 of 13

## **STATEMENT OF FACTS**

22.

Braun is a 61-year-old white female and resident of Midway, Liberty County, Georgia.

23.

Braun began working for Defendants around January 2015 as an occupational therapist.

24.

Cadence is the management company responsible for Woodlands. All referenced entities have engaged or currently engage in the business of operating a nursing home in Midway, Georgia.

25.

On February 14, 2018, Braun suffered a work injury to her lumbar spine while assisting patients in her role as an occupational therapist for Defendants.

26.

Around 2:00 a.m. on February 15, 2018, Braun reported her injury via text message to her immediate supervisor, Henderson.

27.

Braun informed Henderson that she would be unable to work on February 15th and 16th so she could seek medical treatment. Henderson voiced no objection to that circumstance.

28.

Braun treated at Absolute Precision Chiropractic with Dr. Howard Wasdin, who ordered her to remain out of work from February 15th through February 28th.

*Terri Braun v. Cadence Healthcare Solutions, LLC et al.*
United States District Court for the Southern District of Georgia, Savannah Division
Complaint
Page 5 of 13

29.

Braun also treated at ExperCare and, while there, Henderson spoke with a healthcare professional who again notified her of Braun's injuries, treatment recommendations, and work restrictions.  ExperCare issued light duty work restrictions.

30.

On February 17, 2018, Braun informed Henderson that she was seeking treatment from a specialist due to her persistent and extreme lower back pain from the work injury.  She also informed Henderson that she would miss the entire week of February 19th through 23rd due to the referenced injury.  Henderson voiced no objection to that circumstance.

31.

Henderson and Woodlands' HR and Payroll Director, Lambert, had actual knowledge that Braun would miss work for the referenced week and did not inform Braun of any objection to that circumstance.

32.

On February 22, 2018, Braun requested FMLA paperwork from Henderson via text message and from Lambert in-person at the nursing home.  The paperwork was not provided.

33.

On February 26, 2018, Braun traveled to her place of employment to again request FMLA paperwork.  She requested the same from Lambert around 10:10 a.m. on the referenced date.

34.

Approximately 20 minutes after Braun requested the referenced paperwork, she was terminated by a Cadence representative, Brown, and Woodlands representatives, Henderson, Lambert, and Perkins, Woodlands' executive director.

*Terri Braun v. Cadence Healthcare Solutions, LLC et al.*
United States District Court for the Southern District of Georgia, Savannah Division
Complaint
Page 6 of 13

35.

A subsequent separation notice listed the bases for termination as (1) "no call no show" and (2) "not following incident policy."

36.

In depositions later conducted in connection with a workers' compensation claim, Henderson and Lambert admitted that Braun did not commit a "no call no show" violation and did not violate any applicable incident policy. In other words, there is no dispute that the bases for termination listed in the separation notice were false.

37.

Cadence and Woodlands were at all times relevant to this suit Braun's joint employers.

## PRELIMINARY FMLA ALLEGATIONS

38.

Braun was employed by Defendants for at least 12 months and worked at least 1,250 hours in the 12 months preceding her request and need for leave. As such, Braun was at all times relevant to this suit an eligible employee under the FMLA.

39.

Defendants employed 50 or more employees for each working day of 20 or more calendar workweeks in the current or preceding calendar year. As such, Defendants were at all times relevant to this suit employers covered by the FMLA.

40.

Braun had a serious health condition and qualified illness under the FMLA and was therefore entitled to FMLA leave on each occasion that she requested such leave. Braun had FMLA leave available on each occasion that she requested such leave.

*Terri Braun v. Cadence Healthcare Solutions, LLC et al.*
United States District Court for the Southern District of Georgia, Savannah Division
Complaint
Page 7 of 13

41.

Brown, Henderson, Lambert, and Perkins are employers as defined by the FMLA. *See* 29 U.S.C. § 2611(4)(A)(ii)(I).

42.

Braun was qualified for the position she was performing.

## PUNITIVE DAMAGES ALLEGATIONS

43.

Defendants undertook all of the above-pled unlawful conduct intentionally, willfully, and maliciously with respect to Braun and her federally protected rights.

44.

Additionally, and in the alternative, Defendants undertook all of the above-pled conduct with reckless disregard for Braun and her federally protected rights.

## COUNT I

## FMLA Retaliation

**(Against All Defendants)**

45.

All preceding paragraphs are incorporated herein by reference.

46.

By requesting FMLA paperwork to exercise her rights provided by the referenced statute, Braun engaged in statutorily protected activity.

47.

Braun was terminated as a result of her intention and action to exercise her FMLA rights. The termination was an adverse employment decision.

*Terri Braun v. Cadence Healthcare Solutions, LLC et al.*
United States District Court for the Southern District of Georgia, Savannah Division
Complaint
Page 8 of 13

48.

Defendants terminated Braun because she engaged in activity protected by the FMLA.

49.

As a result of Defendants' retaliatory conduct against Braun for exercising FMLA rights, Braun is entitled to wages, salary, employment benefits, and other compensation denied or lost, including front and back pay, non-wage monetary losses, liquidated damages, interest, attorney fees, and other costs of this action.

## COUNT II

## FMLA Interference

**(Against All Defendants)**

50.

All preceding paragraphs are incorporated herein by reference.

51.

Defendants terminated Braun when she requested FMLA paperwork and, therefore, interfered with her ability to exercise a substantive FMLA right.

52.

Defendants' termination of Braun following her request for FMLA paperwork interfered with, restrained, and denied the exercise of or attempt to exercise FMLA rights in violation of 29 U.S.C. § 2615.

53.

As a result of Defendants' interference with Braun's ability to exercise FMLA rights, Braun is entitled to wages, salary, employment benefits, and other compensation denied or lost,

*Terri Braun v. Cadence Healthcare Solutions, LLC et al.*
United States District Court for the Southern District of Georgia, Savannah Division
Complaint
Page 9 of 13

including front and back pay, non-wage monetary losses, liquidated damages, interest, attorney fees, and other costs of this action.

## COUNT III

### Disability Discrimination – ADA

### (Against Cadence and Woodlands)

54.

All preceding paragraphs are incorporated herein by reference.

55.

Defendants are joint employers as defined by the ADA.

56.

Braun is an employee as defined by the ADA.

57.

Braun's work injury to her low back is a physical impairment that, at all times relevant to this suit, substantially limited one or more major life activity. She has a record of that impairment and is regarded as having that impairment.

58.

Braun could, with or without reasonable accommodation, perform the essential functions of her employment position.

59.

Defendants refused to accommodate Braun and instead terminated her as a result of her lower back injury.

*Terri Braun v. Cadence Healthcare Solutions, LLC et al.*
United States District Court for the Southern District of Georgia, Savannah Division
Complaint
Page 10 of 13

60.

Pursuant to the ADA, Braun is entitled to damages, including back pay and lost benefits, front pay, compensatory damages, punitive damages, and attorney fees and costs of litigation, as well as all other relief recoverable under the ADA.

## COUNT IV

### Age Discrimination - ADEA

**(Against Cadence and Woodlands)**

61.

All preceding paragraphs are incorporated herein by reference.

62.

Defendants are joint employers as defined by the ADEA.

63.

Braun is an employee as defined by the ADEA.

64.

Defendants willfully terminated Braun as a result of her age, which is 61 years.

65.

A substantially younger person filled the position from which Braun was discharged.

66.

Braun was qualified for her position at the time of her termination.

67.

Pursuant to the ADEA, Braun is entitled to damages, including back pay and lost benefits, front pay, compensatory damages, liquidated damages, punitive damages, and attorney fees and costs of litigation, as well as all other relief recoverable under the ADEA.

*Terri Braun v. Cadence Healthcare Solutions, LLC et al.*
United States District Court for the Southern District of Georgia, Savannah Division
Complaint
Page 11 of 13

**PRAYER FOR RELIEF**

WHEREFORE, Braun demands a TRIAL BY JURY and the following relief:

(a) Declaratory judgment that Defendants' actions violated Braun's FMLA, ADA, and ADEA rights;

(b) Full back pay from the date of the adverse employment action taking into account all raises to which Braun would have been entitled but for Defendants' unlawful activity, and all fringe and pension benefits of employment, with prejudgment interest thereon;

(c) Front pay to compensate Braun for lost future wages, benefits, and pension;

(d) Compensatory damages in an amount to be determined by the enlightened conscience of the jury for Braun's emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, and special damages;

(e) Liquidated or double damages for Defendants' willful violation of the FMLA and ADEA;

(f) Punitive damages in an amount to be determined by the enlightened conscience of the jury sufficient to punish Defendants for their conduct toward Braun and deter Defendants from similar conduct in the future;

(g) Reasonable attorneys' fees and costs;

(h) Judgment against Defendants for damages incurred by Braun;

(i) Judgment against Defendants in an amount to fully and adequately compensate Braun;

(j) A trial by jury on all issues triable to a jury; and

(k) Other and further relief as the Court deems just and proper.

*Terri Braun v. Cadence Healthcare Solutions, LLC et al.*
United States District Court for the Southern District of Georgia, Savannah Division
Complaint
Page 12 of 13

Respectfully submitted this 7th day of May 2019.

                        LAWSON, REID & DEAN, LLC

                        By:    s/ Douglas H. Dean, Esq.
                                Georgia Bar No. 130988
                                Attorney for Plaintiff Terri Braun
                                P.O. Box 5005
                                Cordele, GA 31010
                                (229) 271-9323  Office
                                (229) 271-9324  Facsimile
                                *douglas.dean@lawsonreidlaw.com*

*Terri Braun v. Cadence Healthcare Solutions, LLC et al.*
United States District Court for the Southern District of Georgia, Savannah Division
Complaint
Page 13 of 13