# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| TERRI BRAUN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV419-101 |
| | ) | |
| CADENCE HEALTHCARE | ) | |
| SOLUTIONS, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

Plaintiff Terri Braun seeks leave to file an Amended Complaint in this employment discrimination action. *See* doc. 43. She seeks leave because depositions conducted in the Fall of 2020 disclosed previously unidentified entities that allegedly exercised sufficient control over plaintiff's immediate employer to subject them to liability under the relevant statutes. *See* doc. 43 at 7–9. The motion to amend is also unopposed. *See* doc. 44 (indicating that defendant Cadence Healthcare Solutions, LLC does not oppose the motion); *see also* S.D. Ga. L. Civ. R. 7.5 ("Failure to respond within the applicable [fourteen-day] time period shall indicate that there is no opposition to a motion.").

The procedural posture of plaintiff's motion is not as clear as might be hoped. The motion states that it is brought, "pursuant to Fed. R. Civ. P. 15 and 21," doc. 43 at 1, though later recognizing that amendments outside of a scheduling order's deadline are governed by Rule 16, *id.* at 5. In her substantive argument, however, plaintiff relies almost exclusively on Rule 15's more permissive standard. *See id.* at 5 (citing *Maynard v. Bd. of Regents*, 342 F.3d 1281, 1287 (11th Cir. 2003)). Since the Scheduling Order's deadline to amend or add parties has long-since past, the plaintiff's passing recognition of Rule 16's application is correct, if underemphasized. *See* doc. 20 at 1 (deadline to amend or add parties was July 30, 2019); *see also Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) ("[B]ecause [the] motion for leave to amend was filed after the scheduling order's deadline, [movant] must first demonstrate good cause under Rule 16(b) before [the court] will consider whether amendment is proper under Rule 15(a)." (citation omitted)). As *Sosa* points out, then, Rule 16's "good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa*, 133 F.3d at 1418 (quotations and citation omitted).

Plaintiff also invokes Rule 21's authorization that "the court may at any time, on just terms, add or drop a party," as a ground for the relief it seeks. Fed. R. Civ. P. 21; *see* doc. 43 at 6. As discussed below, Rule 21 is certainly implicated by the request to amend and add parties. Moreover, plaintiff may well be correct that Rule 21 permits joinder, even in the late stages of a case. *See* doc. 43 at 6. However, the Scheduling Order is clear that its deadline applies to "motions to amend *or add parties*." *See* doc. 20 at 1 (emphasis added). Thus, whether or not Rule 21 might be available at later stages of a case than Rule 15, its invocation does nothing to alter the plaintiff's obligation to seek amendment of the scheduling order as a condition for the instant motion.

Given that Rule 16's good cause standard applies to the present request, regardless of its characterization as seeking leave to amend or to add parties, the question before the Court is whether such good cause exists. The plaintiff's failure to address the proper standard might warrant denial of the present motion, with the understanding a motion addressing the proper standard might still be urged. *See, e.g., White v. United States*, 2020 WL 1492172, at * 2 (S.D. Ga. Mar. 23, 2020) ("Plaintiff's utter lack of attention to the good cause requirement of Rule

3

16(b) falls far short of his burden to show amendment to the Scheduling Order is justified."). However, the Court also has broad discretion to afford leave to amend and, as explained below, there is sufficient information in the motion to discern good cause. *See Usry v. EquityExperts.org, LLC*, 2019 WL 1140236, at * 3 n. 3 (S.D. Ga. Mar. 12, 2019) (finding good cause based on contention that "the relevant facts were discovered after the expiration of the initial scheduling order," and defendant's non-opposition, despite the parties' failure to address Rule 16).

Plaintiff's motion explains that the information leading to the proposed amendment arose from the deposition of defendant Cadence's corporate representative on July 16, 2020. *See* doc. 43 at 2–3. That deposition was originally noticed in June due to a stay for defendant Woodland's Chapter 7 bankruptcy. *Id.* at 2. The connections supporting plaintiff's theory that the proposed new defendants are plaintiff's joint employers were not fully established until Brogdon and Tolbert's depositions on September 4 and September 9, 2020, respectively. *Id.* at 3–4. Brogdon's deposition was resumed and additional information about the extent of the proposed defendants' integration into the existing

4

defendants' operations was discovered on October 7, 2020. *Id*. at 4.

Plaintiff argues, and defendants do not dispute, that "to the extent . . . delay occurred [in discovering the ownership and control structure of the defendant entities], that delay was caused by Defendants' failure to properly identify the true owner of Woodlands in its corporate disclosure statement, a fact which Plaintiff learned only after deposing Cadence's corporate representative," and, importantly, after the Scheduling Order's deadline to amend or add parties. Doc. 43 at 7. That timeline is sufficient to show that plaintiff could not have met the Scheduling Order's deadline despite her diligence, and, thus, good cause to modify the deadline. *See Sosa*, 133 F.3d at 1418.

Having concluded that modification of the Scheduling Order to permit amendment is proper, the Court must determine whether leave to amend is appropriate. As this Court has succinctly explained, in evaluating a similar amendment to add parties:

> District courts are given "extensive discretion" in determining whether to allow an amended complaint. *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999). In exercising its discretion, a court considers five factors: (1) "undue delay," (2) "bad faith or dilatory motive on the part of the movant," (3) "repeated failure to cure deficiencies by amendments previously allowed," (4) "undue prejudice to the opposing party by virtue of allowance of the amendment," and (5) "futility of

5

amendment." *Seiger ex rel. Seiger v. Philipp*, 735 F. App'x 635, 637 (11th Cir. 2018) (quoting *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1241 (11th Cir. 2009) ). However, "[u]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999).[3]

Moreover, because [plaintiff's] proposed amended complaint adds defendants, joinder rules are implicated.

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).  Joinder under Rule 20 "is strongly encouraged" and is "construed generously 'toward entertaining the broadest possible scope of action consistent with fairness to the parties.' " *Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833, 839 (11th Cir. 2017) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966) ).  Still, district courts are granted broad discretion to permit or deny joinder.  *Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir. 2002).

*Usry*, 2019 WL 1140236, at * 3.

Given the applicable standards, the Court finds no substantial reason to deny leave to amend or to add the new defendants.  Accordingly, plaintiff's motion is **GRANTED**.  Doc. 43.  Plaintiff is, therefore, **DIRECTED** to file the proposed amended complaint, doc. 43-8, and effect service upon the newly named defendants.

In addition to seeking leave to amend the complaint, the parties have also indicated that they wish to further modify the Scheduling Order to permit additional discovery.  *See* doc. 43 at 9; *see also* doc. 44 at 2.  The Court will not, however, anticipate the newly added defendants' positions concerning the schedule.[1]  The motion for such an extension is **DENIED**.  Doc. 43.  The Court will, however, **STAY** all deadlines in this case for sixty days from the date of this Order.  No later than sixty days from the date of this Order, all parties who have appeared in this case are **DIRECTED** to confer and propose mutually-agreeable times for a telephonic status and scheduling conference before the undersigned.  After that conference, the Court will enter an Amended Scheduling Order.

In addition to the requested amendments discussed above, plaintiff has also requested an order directing any unrepresented corporate defendants to retain counsel.  *See* doc. 37.  As plaintiff correctly points out, corporate defendants cannot appear *pro se*.  *See id.* (citing *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985)).  Currently, defendant

---

[1] The proposal of an additional ninety days for the newly added defendants to conduct discovery is not unreasonable, but the conference required below will minimize the possibility of further extension requests and ensure that the new defendants will have an opportunity to be heard on the discovery they anticipate needing.

Woodlands Healthcare and Rehab, LLC remains unrepresented.[2] Nevertheless, it is not clear that the Court has the authority, as plaintiff requests, to "enter an order requiring [defendant] . . . to obtain counsel."[3] Doc. 37 at 1. The Court *might* find an unrepresented entity had "failed to . . . otherwise defend," placing the entity in default. See Fed. R. Civ. P. 55(a). However, plaintiff has not moved for either a clerk's entry of default, pursuant to Rule 55(a), or a default judgment, pursuant to Rule 55(b)(2).[4] Since defendant Woodlands Healthcare and Rehab, LLC will be obligated to respond to the Amended Complaint, see Fed. R. Civ. P. 15(a)(3), and it cannot effectively do so unless it is represented by counsel,

---

[2] To the extent that plaintiff's motion sought direction that defendant Cadence Healthcare Solutions, LLC retain counsel, the request is moot. See doc. 38 (Notice of Appearance).

[3] The Court notes some oblique authority for such a procedure in *Palazzo*. The Court of Appeals noted that "[w]ithout objection from defendants, the district court [. . .] granted the motion [for prior counsel's withdrawal], stating 'The plaintiffs shall have thirty (30) days . . . to secure substitute counsel [ . . .]." *Palazzo*, 764 F.2d at 1383. The Court of Appeals also affirmed the district court's "dismissal . . . for lack of proper representation." *Id.* at 1386. The undersigned, however, is precluded from disposing of motions for injunctive relief, see 28 U.S.C. § 636(b)(1)(A), which is, perhaps, the closest analogue to the relief the motion seeks. As discussed below, circumstances may resolve Woodlands' status in this case. Given those circumstances, and the lack of clear authority for the requested order in plaintiff's motion, the Court declines to take any immediate action.

[4] The reference to the possibility of "entry of default judgment" in plaintiff's proposed order, doc. 37-1 at 1, is simply not sufficient for the Court to reconstrue the motion as seeking relief under Rule 55.

it faces a rules-based deadline, independent of this Court's instructions. In the absence of clearer authority, however, plaintiff's motion is **DENIED**. Doc. 37.

    **SO ORDERED,** this <u>11th</u> day of December, 2020.

                                          _____
                                          CHRISTOPHER L. RAY
                                          UNITED STATES MAGISTRATE JUDGE
                                          SOUTHERN DISTRICT OF GEORGIA